```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
```

In re:                                                    Case No. 16-00169-RNO
Arthur R. Alterio, Jr.                                    Chapter 13
Cristina S. Alterio
        Debtors                 **CERTIFICATE OF NOTICE**

District/off: 0314-1          User: karendavi         Page 1 of 1          Date Rcvd: Oct 05, 2016
                             Form ID: 3180W            Total Noticed: 13


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 07, 2016.
db/jdb          +Arthur R. Alterio, Jr.,   Cristina S. Alterio,   116 Peregrine Lane,
                  Hummelstown, PA 17036-8846
cr              +The Bank of New York Mellon Trust Company,   Robertson, Anschutz & Schneid,
                  6409 Congress Avenue,   Suite 100,   Boca Raton, FL 33487-2853
4742316         +Honda Motor Credit,   P.O. Box 65507,   Wilmington, DE 19808-0507
4742318         +John Corridore,   5440 Clinchfield Trail,   Norcross, GA 30092-3928
4742319          Ocwen,   P.O. Box 24738,   West Palm Beach, FL 33416-4738
4744372         +Ocwen Loan Servicing, LLC,   Robertson, Anschutz & Schneid,   6409 Congress Ave.,   suite 100,
                  Boca Raton, FL 33487-2853
4742321          PNC Bank,   P.O. Box 6534,   Carol Stream, IL 60197-6534
4793642         +PNC Bank, National Association,   c/o PNC Mortgage, a division of PNC Bank,
                  3232 Newmark Drive,   Attn: Bankruptcy Department,   Miamisburg, OH 45342-5421
4742320          Pennsylvania Department of Revenue,   Bureau of Compliance,   Dept. 280946,
                  Harrisburg, PA 17108-0946
4786412          The Bank of New York Mellon Trust Company, N.A.,   c/o Ocwen Loan Servicing, LLC,
                  Attn: Bankruptcy Department,   P.O. Box 24605,   West Palm Beach, FL 33416-4605

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4749970          EDI: HNDA.COM Oct 05 2016 19:18:00      American Honda Finance Corporation,
                  National Bankruptcy Center,   P.O. Box 168088,   Irving, TX 75016-8088,   866-716-6441
4742317          EDI: IRS.COM Oct 05 2016 19:18:00      Internal Revenue Service,   Bankruptcy Section,
                  P.O. Box 628,   Pittsburgh, PA 15230
4742322         +E-mail/Text: birminghamtops@sba.gov Oct 05 2016 19:24:13      U.S. Small Business Admin.,
                  801 Tom Martin Drive, STE 120,   Birmingham, AL 35211-6424
                                                                                     TOTAL: 3

                 ***** BYPASSED RECIPIENTS *****
NONE.                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 07, 2016                          Signature:   /s/Joseph Speetjens

_____


                    **CM/ECF NOTICE OF ELECTRONIC FILING**


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 5, 2016 at the address(es) listed below:
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
          Craig A. Diehl    on behalf of Joint Debtor Cristina S. Alterio cdiehl@cadiehllaw.com,
           jhanawalt@cadiehllaw.com
          Craig A. Diehl    on behalf of Debtor Arthur R. Alterio, Jr. cdiehl@cadiehllaw.com,
           jhanawalt@cadiehllaw.com
          Joshua I Goldman    on behalf of Creditor   PNC Bank, National Association bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                            TOTAL: 5
```

| | | | |
|---|---|---|---|
| Debtor 1 | **Arthur R. Alterio Jr.** | Social Security number or ITIN | **xxx–xx–7956** |
| | First Name   Middle Name   Last Name | EIN | **46–1562744** |
| Debtor 2 (Spouse, if filing) | **Cristina S. Alterio** | Social Security number or ITIN | **xxx–xx–1245** |
| | First Name   Middle Name   Last Name | EIN | _ _ – _ _ _ _ _ _ _ |

United States Bankruptcy Court   **Middle District of Pennsylvania**

Case number:   **1:16–bk–00169–RNO**

# Order of Discharge

**12/15**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Arthur R. Alterio Jr.
aka Ron Alterio, dba ALT Consulting, fdba Basic Elements Nutrition

Cristina S. Alterio

**By the court:**

October 5, 2016

Honorable Robert N. Opel
United States Bankruptcy Judge

By: karendavis, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Case 1:16-bk-00169-RNO    Doc 31    Filed 10/07/16    Entered 10/08/16 00:50:47    Desc
Imaged Certificate of Notice    Page 3 of 3